IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL ARMENDARIZ,
ERIC DION COLEMAN, JACOB GOMEZ,
TONY LOVATO, MATTHEW J. LUCERO,
EDWARD R. MANZANARES, JOE MARTINEZ,
CHRISTOPHER MAVIS, PHILIP TALACHY,
FELIPE J. TRUJILLO, and JOSEPH VIGIL,
on their own behalf and on behalf of
a class of similarly situated persons,

     Plaintiffs,

v.                                                                                            17cv339-WJ-LF

SANTA FE COUNTY BOARD OF COMMISSIONERS,
and MARK GALLEGOS, in his individual and official capacity,
and Industrial Commercial Coatings, LLC,

     Defendants.

**ORDER DENYING MOTION FOR ENTRY
OF A "LONE PINE" CASE MANAGEMENT ORDER**

THIS MATTER is before the Court on defendants Mark Gallegos and Santa Fe County Board of Commissioners' ("County Defendants") Motion for Entry of *Lone Pine* Case Management Order, filed on October 3, 2017. Doc. 22. Plaintiffs filed a response (Doc. 33), and County Defendants filed a reply (Doc. 38). The County Defendants filed a Notice of Completion of Briefing on October 25, 2017. Doc. 39. Having reviewed the parties' filings and the relevant law, the Court finds the motion is not well taken and will deny it.

This case involves a putative class action, in which plaintiffs allege that they were exposed to toxic chemical fumes, dust, and debris while inmates at the Santa Fe Adult Detention Facility ("ADF") when the shower facilities were renovated in 2014. Plaintiffs allege that the showers at the facility had not been renovated in many years, but had been "repeatedly painted

over" for at least a decade, resulting in "thick layers of paint, mold, and grime" accumulating on the shower walls. Doc. 1 ¶ 24. Plaintiffs further allege that in June 2013, Santa Fe County procured a mold assessment, and received recommended remediation measures which included "appropriate protection for workers removing the mold, isolating the work areas from living areas with critical barriers, use of HEPA filers, significant ventilation, and vacating human beings from areas adjacent to those being remediated." *Id.* ¶¶ 25, 26. Plaintiffs assert that Santa Fe County contracted with defendant Industrial Commercial Coatings, LLC ("ICC") to renovate the showers, and that ICC failed to follow accepted safety procedures, "including the extensive safety protocols set forth by the manufacturer of the highly toxic, isocyanate-containing chemical sealant used in the renovation." *Id.* ¶¶ 27, 28. Plaintiffs allege that Santa Fe County exposed "each and every inmate at ADF to interminable and extraordinarily hazardous conditions, all day, every day, for months at a time," by exposing them to "massive amounts of fine gray dust— comprised of tiny amounts of cement, paint, metal, mold, slime, bacteria and other microbiological growth, and an isocyanate-containing polyurea sealant—which covered every surface in the ADF housing units, coming into contact with the inmates' food and bedding, damaging their eyes and respiratory systems, and causing them serious gastrointestinal upset." *Id.* ¶¶ 29, 30. In addition, plaintiffs allege that defendants failed to properly ventilate the isocyanate fumes during and after the application of the sealant, instead recirculating them throughout the facility via the heating and cooling system. *Id.* ¶¶ 31, 32.

In their motion, the County Defendants ask the Court to issue a *Lone Pine* case management order requiring "each plaintiff to make a *prima facie* showing, through qualified expert affidavits, of harmful exposure and specific causation for each injury the plaintiff[s] claim[] in this lawsuit, before any further discovery or other pretrial proceedings are scheduled

or conducted." Doc. 22 at 2. Plaintiffs oppose the request for a *Lone Pine* order, arguing that this is not the type of "toxic tort quagmire" for which these orders are appropriate. Doc. 33 at 5. For the reasons outlined below, the Court finds a *Lone Pine* order is neither necessary nor appropriate for the efficient disposition of this case.

"A *Lone Pine* order is designed to assist in the management of complex issues and potential burdens on defendants and the court in mass tort litigation, essentially requiring plaintiffs to produce a measure of evidence to support their claims at the outset." *In re Digitek Prod. Liab. Litig.*, 264 F.R.D. 249, 255 (S.D. W. Va. 2010) (internal citations omitted). No federal rule or statute authorizes or requires the Court to enter a *Lone Pine* order. *Id.* at 256. The Tenth Circuit has not addressed the propriety of issuing *Lone Pine* orders. *See Marquez v. BNSF Ry. Co.*, No. 17-CV-01153-CMA-MEH, 2017 WL 3390577, at *1 (D. Colo. Aug. 8, 2017). However, "[j]udges in other circuits have recognized that courts have authority to issue *Lone Pine* orders pursuant to Federal Rule of Civil Procedure 16(c)(2)(L), which permits a court to 'adopt[ ] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.'" *Id.* Courts relying on this "extraordinary procedure" typically have relied on the grant of broad discretion under the Federal Rules of Civil Procedure to manage discovery. *In re Digitek Prod. Liab. Litig.*, 264 F.R.D. at 256 (citing *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000)). This Court's decision to grant or deny a motion for a *Lone Pine* order is reviewed for abuse of discretion. *Acuna*, 200 F.3d at 340–41

Courts consider the following five factors in deciding whether a *Lone Pine* order is appropriate:

> (1) the posture of the action, (2) the peculiar case management needs presented, (3) external agency decisions impacting the merits of the case, (4) the availability

3

and use of other procedures explicitly sanctioned by federal rule or statute, and (5) the type of injury alleged by plaintiffs and its cause.

*In re Digitek Product Liab. Litig.*, 264 F.R.D. at 256 (internal citation omitted). The Court finds that these factors weigh in favor of denying the motion.

**A. The Posture of the Action**

"[T]he vast majority of cases granting *Lone Pine* motions did so only when there was a refusal to comply with discovery requests or when plaintiffs failed to allege a *prima facie* case." *Manning v. Arch Wood Prot., Inc.*, 40 F. Supp. 3d 861, 864 (E.D. Ky. 2014). Neither of those conditions is present here. The parties litigated this case in state court for approximately a year and half, where they engaged in discovery. *See* Doc. 33 at 8. In the state court action, the County Defendants produced approximately 3,000 pages of discovery, but there also were a number of unresolved discovery disputes. *Id.* at 2, 8. The County Defendants claim that they are "in the dark about what specific substances each plaintiff claims to have been exposed to, the locations in the facility where such exposure(s) occurred, the length of the exposure(s), and what concentration(s), etc." Doc. 22 at 4. However, as plaintiffs note, the County Defendants are the only ones that possess this information. Plaintiffs state that they never "received verification of the actual product applied during the shower renovation or materials related to the Risk Management assessment and investigation conducted in regards to complaints from both inmates and correctional workers." Doc. 33 at 2. Plaintiffs assert that they need discovery into these issues so that they can properly prepare their case. *Id.* at 4. "*Lone Pine* motions are more likely to be granted when the parties have engaged in discovery and the motion is filed at a time when plaintiffs should have already had the opportunity to obtain information regarding the cause of their injuries." *Manning*, 40 F. Supp. 3d at 864 (internal citation omitted). That time has not arrived in this case.

Given the incomplete state of discovery in this case, and the fact that County Defendants have not shown that plaintiffs fail to allege a *prima facie* case, the Court finds that this factor weighs strongly in favor of denying the motion for a *Lone Pine* order.

**B.  The Peculiar Case Management Needs Presented**

The Court agrees with plaintiffs that this case is not overly complex and does not pose peculiar case management needs warranting the imposition of a *Lone Pine* order.  *See* Doc. 33 at 10.  While the County Defendants claim that "Courts routinely enter *Lone Pine* case management orders in toxic tort class action cases," Doc. 38 at 8, the Court is not convinced that the size or complexity of this case merits a *Lone Pine* order.  Discovery in the state court proceeding was proceeding through traditional means, and the Court sees no reason this case cannot be managed through traditional discovery processes and procedures.  This factor weighs in favor of denying the motion for a *Lone Pine* order.

**C.  External Agency Decisions Impacting the Merits of the Case**

Plaintiffs argue that this case is unlike *Lone Pine*, where a "set of authoritative studies by the EPA provided extensive information about the extent of contamination and cast grave doubt on the viability of the plaintiffs' claims." Doc. 33 at 11 (citing *Lore v. Lone Pine Corp.*, No. L-33606-85, 1986 WL 637507, at *2 (N.J. Super. Ct. Law Div. Nov. 18, 1986)).  Plaintiffs argue that because there is no external agency decision which would impact the merits of this case, this factor weighs against the entry of a *Lone Pine* order.  Doc. 33 at 12.  County Defendants argue that the fact that there are no external agency decisions in this case is neutral, and does not tilt the balance in either direction.  Doc. 38 at 8.  Whether this factor supports denial of the motion or is neutral is immaterial, as the other factors clearly support denying a *Lone Pine* order.

### D. The Availability and Use of Other Procedures

The County Defendants argue that issuing a *Lone Pine* order in this case will serve the principles underlying Rule 16 (eliminating frivolous claims, managing complex issues, and lessening the burdens of complex litigation on both parties and the Court), as well as the principles underlying Rule 26(b)(1) ((a) identifying the "importance of issues at stake in the action"; (b) identifying the "importance of categories of discovery to resolving the issues"; (c) identifying "the parties' resources"; and (d) determining "whether the burdens or expense of the proposed discovery outweighs its likely benefit"). Doc. 38 at 9. "Resorting to crafting and applying a *Lone Pine* order," however, "should only occur where existing procedural devices explicitly at the disposal of the parties by statute and federal rule have been exhausted or where they cannot accommodate the unique issues of this litigation." *In re Digitek Prod. Liab. Litig.*, 264 F.R.D. at 259. County Defendants have failed to show why normal discovery and case management tools are inadequate, and this factor weights against entry of a *Lone Pine* order.

### E. The Type of Injury and Its Cause

The Court agrees with plaintiffs that this is not the type of complex "toxic tort" case involving "delayed, ongoing, and long-term health concerns" where *Lone Pine* orders have been found appropriate. *See* Doc. 33 at 9. As plaintiffs assert, this case is "about contamination of a confined forced living environment over a relatively short time period and the harms immediately suffered by those jailed in that environment." *Id.* at 9–10. Plaintiffs argue that *Lone Pine* orders are "more appropriate in cases where plaintiffs are claiming complex, multifactorial injuries like cancer or birth defects, and where it may be necessary to determine if the plaintiffs were ever actually exposed to the chemicals in doses sufficient to cause those diseases." *Id.* at 13. Plaintiffs argue that the types of injuries they allege—like respiratory

distress, harm to eyes and throat, and diarrhea—"do not require compound-specific proof." *Id.* at 13. The County Defendants counter that a *Lone Pine* order is appropriate because there are "highly individualized questions regarding the extent of any alleged exposure," and because plaintiffs allege a variety of different maladies and symptoms. Doc. 38 at 4–7. The County Defendants cite two cases for the proposition that dose/response evidence will be required: *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1241 (11th Cir. 2005) and *Mitchell v. Gencorp*, 165 F.3d 778, 781 (10th Cir.1999). Doc. 38 at 6. While both of these cases recognize that plaintiffs ultimately must prove that the defendants exposed them to a harmful substance at a level that is harmful to humans, neither case stands for the proposition that this evidence must be produced early in the litigation, as a *Lone Pine* order would require. This factor therefore weighs in favor of denying the motion.

The relevant factors weigh in favor of denying the motion.

IT IS THEREFORE ORDERED that County Defendants' Motion for Entry of a Lone Pine Case Management Order (Doc. 22) is DENIED.

_____
Laura Fashing
United States Magistrate Judge