IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL ARMENDARIZ,
ERIC DION COLEMAN, JACOB GOMEZ,
TONY LOVATO, MATTHEW J. LUCERO,
EDWARD R. MANZANARES, JOE MARTINEZ,
CHRISTOPHER MAVIS, PHILIP TALACHY,
FELIPE J. TRUJILLO, and JOSEPH VIGIL,
on their own behalf and on behalf of
a class of similarly situated persons,

    Plaintiffs,

v.                                                               17cv339-WJ-LF

SANTA FE COUNTY BOARD OF COMMISSIONERS,
and MARK GALLEGOS, in his individual and official capacity,
and Industrial Commercial Coatings, LLC,

    Defendants.

## ORDER DENYING MOTION TO BIFURCATE DISCOVERY

THIS MATTER is before the Court on defendants Santa Fe County Board of Commissioners and Mark Gallegos's ("County Defendants") Motion to Bifurcate Discovery, filed on October 25, 2017. Doc. 37. Plaintiffs filed a response (Doc. 41), and County Defendants filed a reply (Doc. 43). Having reviewed the parties' filings and the relevant law, the Court finds the motion is not well taken and will deny it.

In their motion, the County Defendants ask the Court to bifurcate class certification and merits discovery. Doc. 37. The County Defendants ask the Court to delay merits discovery until after the Court rules on class certification. *Id.* at 7–8. The County Defendants argue that bifurcation will allow class certification to be decided at "an early practicable time" as required by Federal Rule of Civil Procedure 23(c)(1)(A), will conserve judicial resources, and will prevent needless and costly discovery. *Id.* at 4–6. Plaintiffs oppose bifurcating discovery,

arguing that it would "complicate and impede . . . resolution" by creating needless delay, and resulting in "massive duplication of discovery" efforts. Doc. 41 at 2, 4. For the reasons outlined below, the Court agrees with plaintiffs.

Courts consider the following factors in deciding whether to bifurcate class certification and merits discovery:

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*In re Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *2 (N.D. Ill. Feb. 24, 2014) (citations omitted).

### A. Expediency

Plaintiffs argue that bifurcating discovery will not result in a more timely determination of the motion for class certification because they "will need most of the merits discovery for their class certification motion." Doc. 41 at 5. The County Defendants argue that merits discovery will needlessly delay the motion on class certification. The Court agrees that allowing class certification and merits discovery to proceed simultaneously may slightly delay the motion and ruling on class certification. However, as discussed below, this factor is outweighed by economy and severability, which support denial of the motion to bifurcate.

### B. Economy

"Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties." MANUAL FOR COMPLEX LITIGATION, Fourth, § 11.213. In addition, "[t]he likelihood of the continuation of individual claims, regardless of class certification, belies whatever time and expense may be

2

saved in the future through the narrowing of discovery pursuant to the resolution of class certification motions." *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *4 (E.D. Pa. Nov. 29, 2004). Plaintiffs maintain that the claims of the individual named plaintiffs will continue even if the motion for class certification is denied. Doc. 41 at 7–8. The County Defendants argue that plaintiffs' claims may be "significantly refined and defined" by the class certification process, and urge the Court to delay merits discovery. Doc. 43 at 6. The County Defendants, however, do not explain how named plaintiffs' claims are likely to be narrowed. The Court agrees with plaintiffs that bifurcation will result in discovery disputes and duplication of discovery, "requiring multiple rounds of interrogatories and requests for production to the same parties, and multiple depositions of the same witnesses, in each successive phase." Doc. 41 at 4. Bifurcating discovery will not significantly narrow or reduce merits discovery, but will instead needlessly delay and complicate the discovery process. This factor weighs strongly in favor of denying the motion.

**C. Severability**

"Relying on the Manual [for Civil Litigation], courts have found that bifurcation is inappropriate where discovery relating to class certification is closely enmeshed with merits discovery and in fact cannot be meaningfully developed without inquiry into basic issues of litigation." *In re Semgroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FHM, 2010 WL 5376262, at *2 (N.D. Okla. Dec. 21, 2010). Plaintiffs argue that this is such an enmeshed case. Doc. 41 at 6. Specifically, plaintiffs argue that they will need the following discovery for both class certification and merits: "where each class member was housed, at which times, what work was performed in those areas at those times, and what efforts (if any) Defendants took to protect putative class members." *Id.* at 6. The County Defendants admit that

that merits and class certification discovery overlap, but argue that the line is not so blurred that the Court should deny bifurcating discovery altogether. Doc. 43 at 3. The County Defendants argue that merits discovery into plaintiff's negligence-based personal injury claims and Section 1983 claims has no bearing on class certification, and should be delayed until after the Court rules on class certification. Doc. 43 at 5. While merits discovery and class certification discovery obviously do not completely overlap, the Court finds that the issues are sufficiently enmeshed so as to make concurrent merits and class certification discovery the most efficient way to manage discovery in this case. For example, class certification discovery will be required on whether the entire proposed class was subjected to the chemicals and dust that purportedly caused the representative parties' injuries, what those injuries were and whether they share common questions of fact, and whether the representative parties' injuries are typical of other inmates' injuries. *See* FED. R. CIV. P. 23(a). These issues also relate to the merits of plaintiffs' claims. Thus, this factor weighs in favor of denying the motion.

While some expediency may be lost by allowing concurrent merits and class certification discovery, the Court finds that economy and severability both favor this course of action. The Court does not reach County Defendants request that the Court limit precertification discovery to the named plaintiffs' individual claims and whether the class should be certified, as this issue was raised for the first time in County Defendants' reply. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

IT IS THEREFORE ORDERED that County Defendants' Motion to Bifurcate Discovery (Doc. 37) is DENIED.

_____
Laura Fashing
United States Magistrate Judge