IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL ARMENDARIZ,
ERIC DION COLEMAN, JACOB GOMEZ,
TONY LOVATO, MATTHEW J. LUCERO,
EDWARD R. MANZANARES, JOE MARTINEZ,
CHRISTOPHER MAVIS, PHILIP TALACHY,
FELIPE J. TRUJILLO, and JOSEPH VIGIL,
on their own behalf and on behalf of
a class of similarly situated persons,

        Plaintiffs,

    v.                          Case No. 1:17-cv-00339-WJ-LF

SANTA FE COUNTY BOARD OF COMMISSIONERS,
and MARK GALLEGOS, in his individual and official capacity,
and INDUSTRIAL COMMERCIAL COATINGS, LLC,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED CLASS ACTION COMPLAINT**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint, filed April 16, 2018 (**Doc. 65**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion is well-taken and, therefore, is GRANTED.

**BACKGROUND**

This case is a putative class action arising from Defendants' renovation of the shower facilities at the Santa Fe Adult Correctional Facility ("ACF") in 2014 when Plaintiffs and the class members were inmates at the facility. Plaintiffs allege that they were exposed to dust, debris, and hazardous chemicals, which caused them injury. This federal action is a continuation

of a prior state court class action by Plaintiffs, Case No. D-101-CV-2016-00671 in the First Judicial District Court of the State of New Mexico. The state court action was filed on March 11, 2016 by two of the named Plaintiffs in this case, Joe Martinez and Christopher Mavis, on their own behalf and on behalf of a class of similarly situated persons. The state court action raised timely claims under the New Mexico Tort Claims Act, NMSA 1978, §§41-4-1 et seq, and according to Plaintiffs, was brought within the two year limitations period set forth in NMSA 1978, § 41-4-15. *See* Doc. 63 at 1-5.

The federal case was initiated on March 14, 2017 when Plaintiffs Mavis and Martinez joined with additional named Plaintiffs to file a Class Action Complaint for Damages Under 42 U.S.C. § 1983 (Doc. 1). This federal action brought claims under 42 U.S.C. § 1983 against the County Defendants on behalf of the Plaintiffs and a class of similarly situated persons based on the same underlying facts as the state court action. After Plaintiffs filed the original complaint in the federal case, parties agreed to litigate the two cases together in this case in federal court to conserve resources of both the parties and the courts. *See* Doc. 63 at 1-5. As part of that agreement, Plaintiffs were granted leave to amend the complaint to add Industrial Commercial Coatings, LLC ("ICC") as a Defendant and to include Plaintiffs' claims against ICC, Santa Fe County and Gallegos under the New Mexico Tort Claims Act and New Mexico common law. Following the filing of the amended complaint, Plaintiffs dismissed the state case without prejudice.

The First Amended Complaint ("FAC") states four causes of action:

(1) Deprivation of Civil Rights under 42 U.S.C. §1983 against County Defendants;
(2) Supervisory Liability under §1983 against County Defendants;
(3) Claims under the New Mexico Tort Claims Act, NMSA 1978, ¶41-4-7 and §41-4-12 against County Defendants; and
(4) Claims against Defendant ICC under New Mexico Common Law.

2

Doc. 20 (Doc. 65-1).

**DISCUSSION**

Plaintiffs now seek leave to amend the complaint. They include both the FAC and the proposed complaint as Exhibits A and B to the motion, and ask to amend the complaint in the following four ways:

1. Correct clerical issues:
    a. Amend caption to add James M. Wheeler as a Plaintiff with additional identifying paragraph regarding Mr. Wheeler;
    b. Delete references to official capacity claims against Defendant Gallegos;
    c. Delete several duplicative paragraphs. Doc. 65-2 at 1, 3-5.

2. Clarify §1983 claims by expanding allegations to clearly state that Plaintiffs allege that County Defendants acted with deliberate indifference to their serious medical needs in violation of contemporary standards of decency. Doc. 65-2 at 43.

3. Clarify claims brought under the New Mexico Tort Claims Act ("Tort Claims Act")
    a. Add references to applicable waivers of immunity
    b. Elaborate on basis of previously stated negligence claims. Doc. 65-2 at 46-50.

4. Add new legal allegations regarding assault and battery under the Tort Claims Act claim against County Defendants (Third Cause of Action) and under the common law claim against ICC (Fourth Cause of Action).

Plaintiffs claim that these amendments are made in good faith and will not prejudice Defendants. They point out that the clarifications in the first grouping are consistent with previous orders of the Court, *see* Docs. 60 & 64. They contend that the proposed clarifications in the second and third groupings either specify a legal standard (such as "deliberate indifference"), reference specific and applicable waivers of immunity under the Tort Claims Act, or offer factual elaboration for those claims. For the fourth grouping of modifications, Plaintiffs contend that the addition of assault and battery claims are based on exactly the same factual allegations giving rise to liability under the other causes of action. Defendants would therefore not be prejudiced because they would have already have had notice of the facts giving rise to these newly added claims.

Defendants oppose Plaintiffs' motion because of futility.

## I. Legal Standard

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 579-80 (D.N.M. 2010). The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance, futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoted case omitted).

## II. Analysis

Defendants do not claim either undue delay, bad faith or prejudice by the proposed amendments. Instead, they argue that because the amendment would be futile, Plaintiffs' motion should be denied.

Courts should grant a plaintiff leave to amend only "when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (A district court may refuse to allow amendment if it would be futile). To determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were a Rule 12(b)(6) motion. *Sheldon v.*

*Vermonty,* 204 F.R.D. 679, 682 (D. Kan. 2002). Under Fed.R.Civ.P. 12(b)(6), a court is permitted to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

A.  Clerical Changes Are Unnecessary

Defendants contend that the proposed "clerical changes" are unnecessary since they only reflect changes effected by previous Court orders. They observe that the Court has already amended the caption in this case to include Mr. Wheeler and describing him as a named Plaintiff in this case, *see* Doc. 60, so there is no confusion about who Mr. Wheeler is, and the proposed amendments are not necessary. As for the deletion of paragraphs, the Court has already granted Defendant Gallegos' motion to dismiss official capacity claims, Doc. 64, and amending the complaint to mirror this ruling is also not necessary. Defendants contend that these clerical changes do not warrant the filing of an amended complaint.

While the correction of mere clerical errors alone may not justify the filing of an amended complaint, it certainly is a good reason to do so when Plaintiffs are requesting other reasonable modifications. Moreover, the standard for denying a motion to dismiss does not turn on whether the amendments are for clerical errors; it turns on whether there is a showing of undue delay, bad faith, undue prejudice to opposing party, or futility. Plaintiffs shall be allowed to file the proposed amendments with these corrections.

B.  Futility of Amendment

5

Defendants contend that amendment is futile as to Plaintiffs' §1983 claims because all or some of the Plaintiffs failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). Defendants also contend that amendment is futile for the Tort Claims Act claims as well because those claims are barred by the two-year statute of limitations under NMSA §41-4-15(A) of the Tort Claims Act. Plaintiffs allege injuries that occurred in the spring of 2014, so Defendants argue that to be timely, the Complaint must have been filed before the end of Spring 2016. Instead, this federal action was filed on May 14, 2017, nearly three years after the incidents causing the alleged harm.

    *1.    §1983 Claims*

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 86 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Defendants contend that the PLRA bars the §1983 claims of at least ten (10) of the Plaintiffs. The exact number is not known because Defendants are still waiting to receive the last of the discovery responses in order to determine which Plaintiffs were incarcerated at the time they first filed their §1983 claims on March 14, 2017 (the date this federal case was filed), and therefore were required to first exhaust their remedies under the PLRA.

Defendants' arguments hit three snags. First, the Court agrees with Plaintiffs that they are not looking to "expand" their claims at all, but rather "expanding the allegations" to clearly state the basis for their theories of recovery. Doc. 65 a5 4. The sum total of the proposed additional language is as follows:

- ". . . in violation of contemporary standards of decency" (Ex. B, proposed ¶341); and
- ". . . were deliberately indifferent to their serious medical needs." (Ex. B, proposed ¶339.

These additions clearly spell out the legal standard for an Eighth Amendment claim, which is the theory of recovery asserted in the First Cause of Action in the FAC. Second, a prisoner's failure to exhaust is an affirmative defense under the PLRA and inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (nothing that *Jones v. Bock* "recently rejected" rule that failure to exhaust is a pleading requirement). Third, as Plaintiffs point out, the PLRA exhaustion requirement only applies to claims made by those who are incarcerated at the time the complaint is filed. *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005). As mentioned previously, Defendants are still waiting on final discovery responses to determine exactly which plaintiffs were incarcerated at the time the complaint was filed, but at this point it is certain that at least four of the named plaintiffs were not incarcerated at that time.

Defendants urge the Court to defer ruling on Plaintiffs' motion to amend until it rules on Defendants' motion to dismiss and suggests that the Court wait even further until Defendants brief an additional motion on the PLRA issue, *see* Doc. 82 at 7, n. 1 & 2. The Court sees no reason to delay ruling on the motion to amend, since some of the plaintiffs would not be affected by the Court's ruling on Defendants' motion to dismiss, even if that ruling were favorable to Defendants. The Court finds that the best course is to address Plaintiffs' motion to amend now.

7

The proposed amendments essentially clarify the appropriate legal standard for the claims already asserted in the FAC; they do not prejudice Defendants since Defendants have had ongoing notice of these claims in the current complaint; and these amendments will not be futile as to at least some of the Plaintiffs even if Defendants prevail on their motion to dismiss. Plaintiffs' motion is granted as to these amendments.

### 2. *Tort Claims Act Claims*

Defendants argue that the proposed amendments to Third Cause of Action brought under the Tort Claims Act are futile because they are all time-barred by the statute's two-year statute of limitations. They incorporate by reference the arguments presented in their motion to dismiss. *See* Doc. 82 at 7 n.2.

Defendants note that there are currently twelve named Plaintiffs in this lawsuit, but only three actually submitted written notice in accordance with the Tort Claims Act, stating that they and others similarly situated were exposed to chemical intoxicants at the ACF. Plaintiffs Mavis and Martinez, who were the two original plaintiffs who filed the putative class action lawsuit against County Defendants and ICC in state court in March 2016, did not file notices.

In the motion to dismiss, Defendants argue that the two-year statute of limitations was not tolled by the prior state court action filed by Plaintiffs Mavis and Martinez; and moreover, if any tolling principle applies, it applies only to subsequent individual lawsuits by putative class members of the original state court class action, and would not permit those individuals to seek class treatment of their Tort Claims Act causes of action. Doc. 59.

Again, the Court sees no need to resolve what appears to be rather complex legal issues in order to determine whether the proposed amended complaint meets the threshold sufficiency under Rule 12(b)(6); that is, whether it contains sufficient factual matter that if true, states a

claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*"Iqbal"*). The proposed amendments for the Third Cause of Action are not significant and they do not change any legal theories or facts. They add references to the specific waivers of immunity asserted in the claim and add new legal allegations regarding assault and battery—which are already enumerated torts listed under the statutory provisions asserted by Plaintiffs, §§41-4-6 and 12 and 41-4-12. Defendants cannot (and do not) claim to be prejudiced. Plaintiffs' motion is granted as to these amendments as well.

        *3.*    *Common Law Claims*

Finally, Plaintiffs contend that ICC has consented to their motion under this Court's local rules because it did not file or serve a response in opposition to their motion. *See* LR-CV-7.1(b). These rules may be waived "to avoid injustice," *see* LR-CV-1.7, but the Court finds that there is no reason to waive them in this situation. The Fourth Cause of Action is alleged against ICC and appears to assert common law claims of negligence. The proposed amendments add the intentional torts of assault and battery. Defendant ICC has not weighed in on the matter at all, and so the Court grants Plaintiffs' motion as to these amendments.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint (**Doc. 65**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE