IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL ARMENDARIZ,
ERIC DION COLEMAN, JACOB GOMEZ,
TONY LOVATO, MATTHEW J. LUCERO,
EDWARD R. MANZANARES, JOE MARTINEZ,
CHRISTOPHER MAVIS, PHILIP TALACHY,
FELIPE J. TRUJILLO, and JOSEPH VIGIL,
on their own behalf and on behalf of
a class of similarly situated persons,

       Plaintiffs,

    v.        Case No. 1:17-cv-00339-WJ-LF

SANTA FE COUNTY BOARD OF COMMISSIONERS,
and MARK GALLEGOS, in his individual and official capacity,
and INDUSTRIAL COMMERCIAL COATINGS, LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING COUNTY DEFENDANTS' MOTION TO RECONSIDER

THIS MATTER comes before the Court upon a Motion to Reconsider Memorandum Opinion and Order Denying Motion to Dismiss Plaintiffs' Third Cause of Action, filed by Defendants Santa Fe County Board of Commissioners and Mark Gallegos ("County Defendant" or "Defendants") on September 25, 2018 (**Doc. 166**). Having reviewed the parties' briefs and applicable law, I find that Defendant's action is not well-taken and shall be denied.

### BACKGROUND

This case is a putative class action arising from Defendants' renovation of the shower facilities at the Santa Fe Adult Correctional Facility ("ACF") in the spring of 2014 when Plaintiffs

and the class members were inmates at the ACF. Plaintiffs allege that they were exposed to dust, debris, and hazardous chemicals, which caused them injury.

As mentioned in the Court's decision, the federal case before the Court here is a continuation of a prior state court class action by Plaintiffs in the First Judicial District Court County of Santa Fe, State of New Mexico. *See* Doc. 140 (Mem. Opin. & Order). The state court action was filed in March 2016 by two of the named Plaintiffs in this case, Joe Martinez and Christopher Mavis, on their own behalf and on behalf of a class of similarly situated persons, and asserted state law claims brought under the New Mexico Tort Claims Act ("TCA"). The federal case was initiated a year later when Plaintiffs Mavis and Martinez joined with additional named Plaintiffs to file a class action asserting claims under 42 U.S.C. §1983 (Doc. 1). Both the state and federal lawsuits are based on the same underlying facts.

Pursuant to an agreement among the parties, all claims raised in both lawsuits are being litigated here in federal court. As part of that agreement, Plaintiffs were granted leave to amend the federal complaint to include the state law claims that had been raised in the state court action and to add Industrial Commercial Coatings, LLC ("ICC") as a Defendant. Following the filing of the amended complaint, Plaintiffs dismissed the state case without prejudice.

On March 20, 2018, the County Defendants filed a motion to dismiss Plaintiffs' Tort Claims Act claims. The Court denied the motion, finding that Plaintiffs' counsel had relied on defense counsel's representations when they agreed to dismiss the state court and that Plaintiffs' state law claims survived:

> Defendants have waived the statute of limitations defense, are estopped from asserting the defense, and that Plaintiffs' state law claims are equitably tolled.

Doc. 140 at 1. Defendants seek reconsideration of the Court's ruling in that decision.

**DISCUSSION**

A motion to reconsider is appropriate where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *Huff v. UARCO, Inc.*, 925 F.Supp. 550, 561 (N.D.Ill. 1996).

Defendants raise several arguments in their motion to reconsider, claiming that the Court misapprehended the facts and the law in its rulings. The main thrust of these arguments is two-fold:

> (1) the Court's conclusion that County Defendants waived their defense turns on a misapprehension of fact and law; and
>
> (2) that equitable estoppel does not apply to the "new named Plaintiffs'" Tort Claims Act claims.[1]

The Court agrees with Plaintiffs that the motion to reconsider revisits issues on which the Court has already devoted considerable time and does not indicate that the Court has misapprehended either the law or facts. However, the Court presents Defendants' main arguments below in order to illustrate the basis for denying the motion for reconsideration.

**I.      The Court's Rulings on Waiver of Defense**

Defendants claim that the Court incorrectly concluded that Defendants waived their defense. This argument is based on an analysis of e-mail correspondence between counsel, which was very carefully considered by the Court. *See* Doc. 140 at 15. There is no need to reiterate the entire analysis here, as the e-mails speak for themselves.

---

[1] The "new named Plaintiffs" (as referred to by Defendants) are the ten plaintiffs who were named in the federal case, in addition to the Joe Martinez and Christopher Mavis. Martinez and Mavis were the named plaintiffs in the state case as well as in this federal case. Doc. 166 at 3. However, these "new named Plaintiffs" are by no means "new," as they have always been plaintiffs in the federal case.

Plaintiffs' counsel inquired whether litigating the two cases together would prejudice their clients in any way, and specifically asked defense counsel if "this unopposed course of action will not be inserting otherwise unavailable defenses." Doc. 40 at 15. The phrase "otherwise unavailable" means the same thing now as it did when the Court first addressed this issue, and the Court still reads defense counsel's response as coyly brushing off the direct question by Plaintiffs' counsel. *See* Doc. 140 at 15 ("I'm not sure what you mean by 'otherwise unavailable' defenses.").

The Court engaged in an analysis pertaining to a waiver of defenses based on a defendant's conduct, and Defendants offer no new fact or law that would persuade the Court that its ruling should be changed. Defendants attempt to distinguish the cases relied on by the Court in its waiver analysis, *see* Doc. 166 at 10 ("None of these cases involved a true waiver analysis . . ."), but the Court fails to see the distinction described by Defendants, and adequately explained the basis for its reliance on the cases cited in the analysis. *See* Doc. 140 at 20-21.

Defendants also suggest that the Court confused equitable tolling and equitable estoppel, pointing out that "[u]nder New Mexico law [], equitable tolling turns on a plaintiff's diligent conduct and does not relate to alleged misconduct by defendants." Doc. 166 at 11. However, the Court's opinion contains two pages of what the Court called a "detour" to clarify the differences between the two doctrines. *Id.* at 11-13. The opinion was also clear as to why it found equitable estoppel applied to the facts regarding Defendants' conduct:

> 4. The conduct of counsel for County Defendants amounted to falsely representing or concealing their intent to pursue an affirmative statute of limitations defense upon Plaintiffs' dismissal of the state court case, in order to lull Plaintiffs into agreeing to the dismissal, and that Plaintiffs agreed to dismiss the state court case believing that the defense would not be used against Plaintiffs' state court claims. County Defendants are therefore estopped from asserting the statute of limitations defense of Plaintiffs' claims asserted under the Tort Claims Act; . . . .

Doc. 140 at 22.

Defendants argue that equitable estoppel is disfavored against governmental entities and that Plaintiffs must demonstrate "affirmative misconduct." This argument can be rejected solely because Defendants could have raised it earlier in its reply to the motion to dismiss, but did not do so. *See Servants of Paraclete,* 204 F.3d at 1012. The argument can also be dismissed because, as Plaintiffs point out, estoppel is not favored "against a sovereign in the exercise of governmental functions." *State ex rel. Dep't of Human Servs. v. Davis*, 1982-NMSC-139, ¶ 4, 99 NM. 138, 654 P.2d 1038 (emphasis added). The role of County Defendants in this litigation does not involve the exercise of governmental functions. *Id.* (citing *Silver City Consol. Sch. Dist. No. 1 v. Board of Regents,* 75 N.M. 106, 401 P.2d 95 (1965) ("Although estoppel is not usually applicable against a sovereign in the exercise of governmental functions, it will be applied where right and justice demand it."). Therefore, the Court need not reconsider its ruling on this ground.

Defendants offer no legal or factual grounds for the Court to reconsider any of its findings that Defendants waived a statute of limitations defense for Plaintiffs' state law claims by estoppel or that Plaintiffs' state law claims would be subject to equitable tolling.

## II. Equitable Tolling

Defendants also seek reconsideration of the Court's ruling that equitable tolling applies to the "new named Plaintiffs'" state law claims brought under the New Mexico Tort Claims Act ("TCA"). They claim that these plaintiffs cannot benefit from equitable tolling because they did not exercise due diligence in asserting TCA claims until the federal complaint was amended in August 2017—about one and a half years after the TCA's limitations period. Defendants also contend that Plaintiffs' counsel should have raised the issue, but did not, of whether the "new named plaintiffs" could assert state law claims for the first time in the federal lawsuit.

5

The Court's first observation here (observed by Plaintiffs as well) is that Defendants sought dismissal of the state law claims for *all* of the plaintiffs, including Plaintiffs' Mavis and Martinez. *See* Doc. 59 at 11. Doc. 69 at 12 (seeking dismissal of individual claims of Mavis & Martinez, "along with any class treatment of claims under the TCA"). In their motion for reconsideration, however, Defendants appear to be retreating from that position and seek dismissal of the state law claims asserted only by the "new named Plaintiffs"—who, as the Court previously noted, have always been plaintiffs in this federal lawsuit, and are not "new" at all. *See* n.1, supra. On this basis alone, the Court can reject this argument as one that could have been previously raised and inappropriate in a motion for reconsideration.

Defendants contend that Plaintiffs' counsel should have raised the issue, but did not, of whether the "new named plaintiffs" could assert state law claims for the first time in the federal lawsuit. The Court has already addressed this issue with regard to *all* of the Plaintiffs in its decision, finding that "there was no reason for Plaintiffs to expect Defendants to raise a statute of limitations defense as a result of agreeing to dismiss the state court case." Doc. 140 at 19-20. It is pointless to go through this analysis a second time, although the Court would add that after the federal complaint was amended, Plaintiffs were not given any reason to believe that they would lose the very claims they had just added to the federal lawsuit. *See* Doc. 177 at 15.

The motion for reconsideration urges the Court to take another look at the parties' e-mail correspondence and come up with a different interpretation, but Defendants present no reason to do so. The Court did not misapprehend the facts: the parties' e-mails were referenced accurately. In its decision denying Defendants' motion to dismiss Plaintiffs' state law claims, the Court did not overlook a change in the law or misapprehend the law: parties should be held to assurances given and reasonably understood. Based on a straightforward reading of counsel's

correspondence, the County Defendant proposed that *all* claims be consolidated in the federal forum. It was therefore reasonable to believe that the procedure agreed on by the parties was designed so that the state law claims formerly pending in state court (both individual and class claims) would thereafter be litigated by the named Plaintiffs in this federal action, in addition to the federal law claims they were already litigating.[2] Even so, Plaintiffs' counsel made specific inquiries in order to make sure that agreeing to the procedure would not expose their clients to new defenses asserted by defense counsel, and the Court found defense counsel's responses to those inquiries to be "deliberately obtuse." *See* Doc. 140 at 22. Defendants have not pointed to any fact or law not already considered that would persuade the Court to change that finding. *See* Doc. 140 at 22.

## CONCLUSION

In sum, the Court finds and concludes that Defendants' motion for reconsideration revisits arguments that were already presented to, and considered by, the Court in its previous Memorandum Opinion and Order. Doc. 140. Defendants have failed to show that there was any error in the Court's prior rulings, and their motion to reconsider will therefore be denied.

Any argument raised by Defendants in their motion for reconsideration but not expressly considered here may be deemed as considered and rejected by the Court.

**THEREFORE,**

---

[2] It is worth considering that the "new named plaintiffs" in the federal case may have been able to assert TCA claims in the state court case as unnamed class plaintiffs had that case not been dismissed, without any limitations problems. This notion makes it even more reasonable to expect that those plaintiffs would be able to assert the TCA claims in the federal lawsuit.

**IT IS ORDERED** that Defendants' Motion to Reconsider Memorandum Opinion and Order Denying Motion to Dismiss Plaintiffs' Third Cause of Action **(Doc. 166)** is hereby DENIED for reasons set forth in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE