IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL ARMENDARIZ
ERIC DION COLEMAN, JACOB GOMEZ,
TONY LOVATO, MATTHEW J. LUCERO,
EDWARD R. MANZANARES, JOE MARTINEZ,
CHRISTOPHER MAVIS, PHILLIP TALACHY,
FELIPE J. TRUJILLO, JOSEPH VIGIL, and
JAMES M. WHEELER, on their own behalf and
on behalf of a class of similarly situated persons,

      Plaintiff,

    v.                                       Case No. 1:17-cv-00339 WJ/LF

SANTA FE COUNTY BOARD OF COMMISSIONERS,
MARK GALLEGOS, in his individual and official capacity,
and INDUSTRIAL COMMERCIAL COATINGS, LLC.

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE COUNTY DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO PARTICIPATE IN DISCOVERY

    THIS MATTER comes before the Court upon the following motions:

- Motion to Dismiss Claims of Plaintiff Wheeler or, Alternatively, for an Order to Show Cause why Claims Should Not be Dismissed and/or Other Sanctions Imposed, filed on July 6, 2018 **(Doc. 112)** by Defendants Santa Fe County Board of Commissioners and Mark Gallegos ("Defendants" or "County Defendants");

- Defendants' Motion to Dismiss Claims of Felipe Trujillo or, Alternatively, for an Order to Show Cause Why Claims Should Not Be Dismissed and/or Other Sanctions Be Imposed, filed July 13, 2018. **(Doc. 117)**; and

- Defendants' Expedited Motion to Dismiss Claims of Matthew Lucero or, Alternatively, for Order to Show Cause Why Claims Should Not Be Dismissed and/or Other Sanctions Be Imposed, filed July 23, 2018 **(Doc. 127)**.

Having reviewed the parties' briefs and applicable law, the Court finds that sanctions are not warranted at this time for any of these Plaintiffs, although subsequent failures to participate in the discovery process could result in sanctions, including dismissal of claims.

**BACKGROUND**

This case is a putative class action arising from Defendants' renovation of the shower facilities at the Santa Fe Adult Correctional Facility ("detention facility") in 2014 when Plaintiffs and the class members were inmates at the ACF. Plaintiffs allege that they were exposed to dust, debris, and hazardous chemicals, which caused them injury.

Seven of the original twelve plaintiffs in this lawsuit remain incarcerated, but according to Defendants, of the five plaintiffs who are no longer incarcerated, each has failed in one respect or another to participate in significant discovery matters in this litigation. All three motions filed by Defendants differ slightly in the factual scenario but are similar in that they all request sanctions against these Plaintiffs for failing to cooperate with the discovery process. This similarity allows the Court to address all three together.

**I.     Relevant Law**

Federal courts do not take lightly a litigant's responsibility to participate in discovery, and showing up for one's scheduled deposition is no exception. Failing to appear Federal Rule of Civil Procedure 37(d) allows the district court to, among other sanctions, dismiss an action if a party "fails to appear" for his or her deposition. Defendants are entitled to request such sanctions without filing a motion to compel. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (defendants were not required to file motion to compel under Rule 37(d) before district court dismissed case of plaintiff who refused to be deposed) citing *Halas v. Consumer Servs. Inc.*, 16 F.3d 161, 164 (7th

2

Cir.1994). Consequences for failure to appear for a deposition is also addressed in this Court's local rules:

> Non-Appearance at Deposition. Failure of a deponent to appear at the time and place designated may be regarded as a willful failure to appear pursuant to FED. R. CIV. P. 37(d) or contemptible conduct pursuant to FED. R. CIV. P. 45(e),
>
> • unless a motion for protective order and a notice of non-appearance are served at least seven (7) days before the scheduled deposition; or
>
> • if the Court finds the motion for protective order is frivolous or for dilatory purposes.

D.N.M. LR-Civ. 30-2. Finally, dismissal of a complaint with prejudice as a sanction for failure to comply with discovery obligations may be appropriate under Fed.R.Civ.P. 41(b) which states that: "[i]f a plaintiff fails to prosecute or comply with these rules . . . a defendant may move to dismiss the action or any claim against it."

Courts in the Tenth Circuit considering dismissal under these rules apply the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (affirming dismissal under Rule 41), which are the following:

(1) the degree of actual prejudice to the defendant;

(2) the amount of interference with the judicial process;

(3) the culpability of the litigant;

(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

(5) the efficacy of lesser sanctions.

965 F.2d at 921; *see also Klein v. Harper*, 777 F.3d 1144, 1147-48 (10th Cir. 2015) (affirming dismissal under Rule 37).

## II.     Facts

Plaintiffs Wheeler, Trujillo and Lucero did not show for their scheduled depositions.

3

A. <u>Plaintiff James Wheeler</u>

Plaintiff Wheeler, who is not incarcerated, was scheduled to appear for his deposition on July 6, 2018. Counsel for the County Defendants traveled from Albuquerque, New Mexico to Santa Fe, New Mexico for Mr. Wheeler's scheduled deposition, and counsel for Defendant Industrial Commercial Coatings, LLC ("ICC") traveled from Minnesota to appear for the deposition as well. According to the response, Mr. Wheeler's car had a flat tire on the morning of the deposition and he was unable to fix it in time to get to the deposition. Doc. 137-2 (Wheeler Aff.). He has answered other discovery requests in this case, and met with his attorneys beforehand to prepare for his deposition.

Mr. Wheeler states that he was in communication with his attorneys regarding his inability to appear for his deposition. *Id.* ¶¶ 11-12, 19. It appears that this information was never passed on to defense counsel, and there is no explanation for this oversight. It is also not clear why Plaintiffs' counsel, Ms. Kristina Martinez, attended the deposition if she was aware that her client would not be attending. At the deposition, defense counsel advised Ms. Martinez that they would be seeking reimbursement for costs of attending the deposition. Ex. 112-3 at 5:9-24. Counsel for Plaintiffs offered to reschedule Mr. Wheeler's deposition and to pay the reasonable costs and fees incurred by the County Defendants and ICC as a result of Mr. Wheeler's non-appearance in exchange for withdrawal of the instant motion. Doc. 137-1 (email from Kristina Martinez). However, the County Defendants refused to enter into such an agreement with respect to Mr. Wheeler. *See* Exhibit 1 at 2.

B. <u>Plaintiff Felipe Trujillo</u>

Plaintiff Trujillo is currently incarcerated, but was released from the detention facility for his July 11, 2018 deposition to take place at defense counsel's office. In the late afternoon of July

4

10, 2018, Plaintiffs' counsel served a notice of non-appearance for Mr. Trujillo, with no explanation as to why he would not show up. No motion for protective order was filed in connection with the scheduled deposition. Plaintiffs proposed a reasonable resolution of the issue, just as they had with Plaintiff Wheeler: to reschedule Mr. Trujillo's deposition and to pay the reasonable costs and fees incurred by the County Defendants and ICC as a result of Mr. Trujillo's non-appearance in exchange for withdrawal of the instant motion. *See* Doc. 138-1 at 1 (email from Kristina Martinez). Defendants rejected this offer as well.

### C. Plaintiff Matthew Lucero

Plaintiff Lucero's deposition was scheduled for July 23, 2018, but he did not appear, although counsel for Defendants showed up for the deposition. Mr. Lucero claims that he was sick and that he informed his attorneys at 5:50 a.m. on the morning of his deposition that he would be unable to attend. However, this information was not relayed to counsel for Defendants anytime between 5:50 a.m. and the 9:00 a.m. start of the deposition—instead, Plaintiffs' counsel arrived a half-hour late and only then informed defense counsel that Mr. Lucero was ill and would not be showing up for his deposition.

### D. Plaintiff Phillip Talachy

Mr. Talachy also did not show up for his deposition. However, Defendants have not filed a similar motion to dismiss with respect to Mr. Talachy for the simple reason that they accepted Plaintiffs' proposed resolution of Mr. Talachy's non-appearance for his scheduled June 4, 2018 deposition, which was as follows:

1. After Mr. Talachy missed his deposition, Plaintiffs rescheduled the deposition;
2. Defendants deposed Mr. Talachy on July 17, 2018;
3. Plaintiffs voluntarily paid reasonable fees and costs; and then
4. The County Defendants withdrew their motion to dismiss Mr. Talachy's claims. *See* Doc. 119 (Notice of Withdrawal of Motion).

This agreement between the parties required no Court intervention, would have cured any prejudice suffered by Defendants, and would have avoided any further delay. Defendants thus obtained the information they needed in the rescheduled deposition.

## III. Court's Rulings

The Court finds sanctions unwarranted at this time under either Rule 37(d), this Court's local rules or *Ehrenhaus*. Thus far, there appears to be no purposeful evasion of discovery obligations on the part of Plaintiffs or their counsel, although subsequent occurrences of the same conduct would indicate a pattern that may well warrant sanctions, including dismissal of claims. Also, Plaintiffs do not explain why defense counsel were not advised of the non-appearances when Plaintiffs' counsel first became aware themselves, and this failure could be viewed as a lack of respect for opposing counsel's time.

According to Defendants, by the time Mr. Lucero's deposition was noticed, three of the other Plaintiffs had already failed to appear for their scheduled depositions, so defense counsel's frustration with multiple non-appearances is not unreasonable. On the other hand, Defendants could have contained the damage by accepting Plaintiffs' reasonable proposal regarding the missed depositions of Mr. Wheeler, Mr. Trujillo and Mr. Lucero, just as they had for Mr. Talachy. Also puzzling is the fact that Defendants offer no explanation in any of the briefing on these three motions as to why they refused offers of reimbursement for the other three Plaintiffs.

Defendants seek orders dismissing with prejudice the claims of Plaintiffs Wheeler, Trujillo and Lucero, which the Court has found to be unwarranted at this time. Defendants' other requests are unfounded, given the circumstances. First, Defendants request an award of the fees and costs incurred in preparing for and appearing for the three depositions—which is exactly what Plaintiffs timely offered Defendants in order to resolve the issue and avoid court intervention, and which

was rejected. Second, Defendants seek an award of costs and fees incurred in filing the instant motions which Plaintiffs then had to respond to, and which would have been made entirely unnecessary had Defendants taken up Plaintiffs' reimbursement offers. Had County Defendants accepted these offers, the three depositions could have already been rescheduled and Defendants would by now probably have the information they now still seek, all without this Court's involvement.

Case management deadlines are imposed by the Court as a means of complying with a Congressional mandate under the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq ("CJRA"). This Act is intended, in part, to minimize delay and to advance the ultimate disposition of litigation. The establishment of case management deadlines expedites the disposition of cases and lessens the financial burdens implicit in litigation. The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--a just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

S. Rep. No. 101-416, at 1 (1990), reprinted in 1990 U.S.C.C.A.N. 6802, 6804. Delays brought about by a failure to take discovery obligations seriously (either by a plaintiff and/or his attorney), or by a reluctance to resolve disputes efficiently and privately before engaging Court resources, do not promote CJRA objectives.

The parties are in this case for the long haul, and the Court fully expects that other disagreements will arise.[1] For the missed depositions: counsel should reconvene and reschedule

---

[1] The Court has previously had occasion to consider the manner in which counsel are dealing with each other in this lawsuit, and found it somewhat lacking in professionalism on Defendants' part. See Doc. 140 at 22-23 (denying Defendant's motion to dismiss state law claims) & Doc. 180 (denying motion for reconsideration). At the same time, the Court recognizes that Plaintiffs' "claim splitting" drove Defendants' decision to seek dismissal of certain claims. See Doc. 140 at 16-17. Thus, the Court's concluding statements in this Order are directed to both parties and their attorneys.

them; procedures should be set in place so that Plaintiffs can immediately apprise their counsel of emergencies preventing their deposition appearances and Plaintiffs' counsel can pass this information to defense counsel quickly and efficiently, including the reason for a plaintiff's inability to attend a deposition. For other disputes that may occur, the Court suggests to both parties (clients as well as attorneys) that the Court's time and resources are better spent on the merits of their case. For future squabbles that make their way here into court indicating a lack of interest or responsibility, or a refusal to resolve the matter in good faith, the Court will consider whether an Order to Show Cause should be directed to all concerned so that subsequent unnecessary judicial intervention is kept to a bare minimum. *See In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir.1984) (If a failure to comply with discovery obligations or court directives is the fault of a litigant's attorney, then the attorney is the proper party to suffer the sanction).

**THEREFORE,**

**IT IS ORDERED** that Defendants Motions to Dismiss as to Plaintiffs Wheeler, Trujillo and Lucero (**Docs. 112, 117 and 127**) are all hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE