# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GABRIEL ARMENDARIZ,
ERIC DION COLEMAN, JACOB GOMEZ,
TONY LOVATO, MATTHEW J. LUCERO,
EDWARD R. MANZANARES, JOE MARTINEZ,
CHRISTOPHER MAVIS, PHILIP TALACHY,
FELIPE J. TRUJILLO, and JOSEPH VIGIL,
on their own behalf and on behalf of
a class of similarly situated persons,

        Plaintiffs,

        v.                                        Case No. 1:17-cv-00339-WJ-LF

SANTA FE COUNTY BOARD OF COMMISSIONERS,
and MARK GALLEGOS, in his individual and official capacity,
and INDUSTRIAL COMMERCIAL COATINGS, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING COUNTY DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

        THIS MATTER comes before the Court upon a Motion for Partial Summary Judgment by Defendants Santa Fe County Board of Commissioners and Mark Gallegos ("County Defendants" or "Defendants" for purposes of this motion), filed on July 23, 2018 (**Doc. 125**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is denied.

### BACKGROUND

        This case is a putative class action arising from Defendants' renovation of the shower facilities at the Santa Fe Adult Correctional Facility ("detention facility") in 2014 when Plaintiffs and the class members were inmates at the ACF. Plaintiffs allege that they were exposed to dust,

debris, and hazardous chemicals, which caused them injury. The Second Amended Class Action Complaint contains four claims:

> (1) Deprivation of Civil Rights under 42 U.S.C. §1983 against County Defendants;
>
> (2) Supervisory Liability under §1983 against County Defendants;
>
> (3) Claims under the New Mexico Tort Claims Act, NMSA 1978, ¶41-4-7 and §41- 4-12 against County Defendants; and
>
> (4) Claims against Defendant ICC under New Mexico Common Law.

Doc. 136. In this motion, Defendants seek dismissal of Plaintiffs' §1983 claims in Counts I and II because they are barred by the Prison Litigation Reform Act due to these Plaintiffs' failure to exhaust the available grievance procedure available at the Santa Fe County Adult Detention Facility.

**I.    Relevant Law**

The Prison Litigation Reform Act ("PLRA") states, in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Sanders v. Williams*, No. CIV 08–0895 JB/WPL, 2010 WL 1631767, at *7 (D.N.M. March 20, 2010) (Browning, J.) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). As the United States Supreme Court explained:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And

> unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all action[s] . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law.

*Porter*, 534 U.S. at 524 (citations omitted) (internal quotation marks omitted).

A prisoner may not satisfy the PLRA's exhaustion requirements "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.*, 548 U.S. at 90 (internal quotation marks omitted). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 210 (2007). Thus, a prisoner who does not complete the grievance process as laid out in that procedure is barred from pursuing a claim in Federal Court. *See Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

Defendants claim they are entitled to summary judgment on §1983 claims asserted by Plaintiffs Armendariz, Coleman, Gomez, Lovato, Manzanares, Trujillo and Vigil because these individuals did not exhaust their administrative remedies as required by the PLRA. They contend that each of these Plaintiffs were incarcerated at the time they asserted their §1983 claims against the County Defendants on March 14, 2017. *See Martinez v. Guadalupe Cty.*, 200 F. Supp. 3d 1216, 1260 (D.N.M. 2016) (it is the plaintiff's status as of the time he first asserts the violation of his federal rights under § 1983 that determines if the plaintiff is an incarcerated prisoner for purposes of the PLRA); *Norton v. City of Marietta, Okla,* 432 F.3d 1145, 1150 (10th Cir. 2005) (it is plaintiff's status "at the time he files suit that determines whether §1997e(a)'s exhaustion provision applies"); *see also Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir. 2003) (stating in dicta that

3

a plaintiff who had not properly exhausted any of his claims before filing suit could not magically "cure" that defect by filing an amended complaint under Rule 15(d)).

Plaintiffs initially filed their federal court complaint in this case on March 14, 2017, so that any Plaintiff incarcerated at this time (even if released shortly thereafter) must administratively exhaust under the PRLA.

## II.     Facts[1]

Santa Fe County Adult Detention Center had in place a grievance procedure ("Policy") with three basic steps: (1) the inmate must submit an informal complaint within five (5) days of the incident giving rise to the complaint; (2) if the informal complaint is not resolved, the inmate files a Notification of Grievance Form; and (3) if the inmate is not satisfied with the disposition of the grievance, the inmate must submit an appeal with the Warden Inspector.

Defendants' motion is relevant to the following Plaintiffs: Armendariz, Coleman, Gomez, Lovato, Manzanares, Trujillo and Vigil. Defendants contend that these Plaintiffs each failed to follow the detention center's grievance process. Plaintiffs offer the following facts pertinent to exhaustion for these Plaintiffs as follows:

- Armendariz: submitted formal and informal grievances and written complaints of illness;

- Coleman: "recollected" that he wrote grievances at the time of the shower renovation project as well as a written complaint of illness caused by the project.

- Gomez: submitted multiple written complaints associated with the shower renovation project that he considered grievances;

- Lovato and Manzanares:  did not file a grievance and considered it a waste of time because Defendants did not want the inmates using the grievance process;

- Trujillo: there is no evidence that Trujillo filed a grievance. Plaintiffs note that Trujillo was not incarcerated on the date the Second Amended Complaint was filed, but as

---

[1] Supporting exhibits for these facts will not be referenced except where the Court finds necessary.  The Court also omits all facts that are not relevant to the issue of exhaustion, which is the subject of this motion.

4

> Defendants note, it is the initial date of the filing of a plaintiff's original federal complaint that dictates whether a plaintiff has timely exhausted his claims. *See Martinez v. Guadalupe Cty.*, 200 F. Supp. 3d at 1216.

- Vigil: stated that he submitted written grievances complaining of the shower renovation, but received no response from the detention facility.

Defendants dispute these facts, noting that there is no record of any grievance submitted by any of these Plaintiffs related to the shower project. The Court has reviewed the available records submitted by Plaintiffs Armendariz, Gomez and Vigil and tends to agree with Defendants that these submissions do not constitute satisfaction of the exhaustion process. The only evidence of any complaint submitted by Plaintiff Armendariz ("Armendariz") is a Health Services Request, in which he complains of a headache and makes no reference to the shower renovation. Ex. 2. Similarly, Plaintiff Gomez ("Gomez") claims that he submitted written complaints for problems associated with the shower renovation project, but the only documentation provided is a Health Services Request in which he complains of having problems with chest pain and coughing. Ex. 9. Plaintiff Vigil ("Vigil") testified that he submitted written grievances complaining of the shower renovation project, but admitted in his deposition that there was no evidence of his having done so. Ex. 22 at 175.

These Plaintiffs insist that they have exhausted their claims because the grievances were not disposed of within 15 days and under the Policy which states that if a grievance is not disposed of within the time limit of 15 days, the inmate "shall be deemed to have exhausted administrative remedies." Doc. 125-2 at 9. Defendants argue that the evidence does not support Plaintiffs' contention that grievances were submitted but not acted upon or resolved within the requisite time period. They view claims of exhaustion by these particular Plaintiffs as vague and insupportable because: (1) there are no records of any written grievances submitted by these Plaintiffs; (2) complaints that were submitted do not appear to be related at all to the shower renovation project;

and (3) there is little or no recollection by the Plaintiffs as to when their complaints were made and to whom they were submitted.

Plaintiffs present two other sets of facts. One set of facts relates to inmates who are not the subjects of Defendants' motion either because:

- they did not have to exhaust their claims because they were not incarcerated when the federal complaint was first filed (Plaintiffs Mavis, Lucero and Wheeler), or because

- they were incarcerated but *did* complete the administrative exhaustion requirement (Plaintiff Talachy).

The other set of facts names three class members who are not named Plaintiffs, and who did administratively exhaust the §1983 claims:

- Marvin Carrillo, who was incarcerated and did submit a formal grievance in March 2014 complaining of the shower renovation project;

- Anthony Hamilton who also submitted an informal complaint and formal grievance in April 2014 complaining of the renovation project; and

- George Maez who submitted his informal complaint in May 2014.

## DISCUSSION

### I. Legal Standard

Summary judgment is not appropriate where there is a genuine issue as to any material fact. Fed. R. Civ. P. 56(a). In reviewing motions for summary judgment, courts may not weigh the evidence or make credibility determinations. *Utah Lighthouse Ministry v. Foundation For Apologetic Info. & Res.*, 527 F.3d 1045, 1050 (10th Cir. 2008). To defeat summary judgment, the nonmovant must set forth specific facts from which "a rational trier of fact could find for the nonmovant." *Id.* (emphasis added). The evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party." *Cohen-Esrey Real Estate Servs., Inc. v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1302 (10th Cir. 2011). After doing so, if there are disputes of material fact those disputes preclude the entry of summary judgment against the non-

moving party. *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.,* 407 F.3d 1091, 111 (10th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477, U.S. 242, 248 (1986)). "A disputed fact is 'material' if it might affect the outcome of the suit under governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the moving party." *Allen v. Muskogee*, 119 F.3d 837, 83

**II.     Analysis**

The Court is inclined to find that resolution of the exhaustion issue does not favor Plaintiffs based solely on the facts pertaining to Plaintiffs Armendariz, Coleman, Gomez, Lovato, Manzanares, Trujillo and Vigil. There are too many "recollections" and little hard evidence to support a finding that these Plaintiffs administratively exhausted their civil rights claims.

A.     <u>Whether the "Vicarious Exhaustion Rule" Applies</u>

Fortunately, the exhaustion matter need not be resolved on these sketchy facts because Plaintiffs alternatively argue that any plaintiffs who have not themselves administratively exhausted their claims benefit from the "vicarious exhaustion" rule. Under this rule, the PRLA's exhaustion requirement is satisfied for all class members when the requirement is met by at least one class member. *See Chandler v. Crosby,* 379 F.3d 1278 (11th Cir.2004) (holding that the PLRA administrative exhaustion requirement is satisfied for the entire class through "vicarious exhaustion" when one or more class members has exhausted); *Gates v. Cook,* 376 F.3d 323, 329–320 (5th Cir.2004) (applying vicarious exhaustion in PLRA context without substantial analysis).[2]

---

[2] *See also Lewis v. Washington*, 265 F.Supp.2d 939 (N.D.Ill.2003); *Jones v. Berge*, 172 F.Supp.2d 10th 1128 (W.D.Wis.2001)); *Hattie v. Hallock*, 8 F. Supp. 2d 685, 689 (N.D. Ohio 1998) (doctrine of vicarious exhaustion "is only available to plaintiffs in a class-action lawsuit, where a class is certified pursuant to Fed. R. Civ. P. 23(b)(2)); *Fluellen v. Wetherington*, 2003 U.S. Dist. LEXIS 21712, *61 (N.D. Ga., March 21, 2003)(finding that vicarious exhaustion "obviously does not apply" where a class is not certified).

7

Defendants urge the Court to reject the vicarious exhaustion rule in this case because in jurisdictions that have adopted the rule, it applies only to classes which have been certified. The Court agrees that under the relevant case law, the rule applies to classes which have been certified and conversely, does *not* apply to classes in which certification has been denied. *See Mathis v. GEO Group*, 2011 WL 2899135, at * 5 n.4 (E.D.N.C., July 18, 2011) (collecting cases declining to allow plaintiffs to rely on vicarious exhaustion rule where class certification was denied). At the same time, however, these cases cannot be read to *disallow* use of the rule to cases where a proposed class is still awaiting a ruling on certification, which is the situation here. *See* Doc. 231 (motion for class certification).

Defendants contend that the Tenth Circuit has not expressly adopted the vicarious exhaustion rule, citing to *McGoldrick v. Werholtz*, 185 F. App'x 741, 743–44 (10th Cir. 2006). However, the Court of Appeals expressed approval of the rule in that case even though the rule could not be applied on those particular facts:

> Although we agree with plaintiffs that the vicarious exhaustion rule might save their claims if the district court had certified a class of prisoners (assuming, without deciding, that this circuit would follow the vicarious exhaustion rule), the district court did not certify a class here.

*McGoldrick v. Werholtz*, 185 F. App'x 741, 743–44 (10th Cir. 2006). Thus, based on the Tenth Circuit's language in *McGoldrick,* the Court finds that application of the rule is this case is legally supportable as well as feasible, both in terms of advancing the purpose behind administrative exhaustion by putting the administrative authority on notice of issues in contention and allowing it an opportunity to investigate those issues and in maximizing efficiency in the handling of class action cases ("it could be extraordinarily difficult for all class members to exhaust administrative remedies before filing suit"). *See Chandler*, 379 F.3d 1287

Plaintiffs reference *Jarboe v. Md. Dep't of Pub. Safety & Correctional Servs.*, a District of Maryland case that rejected the argument that a class must first be certified in order to apply vicarious exhaustion. 2013 WL 1010357 (D. Md. Mar. 13, 2013). Defendants urge the Court to disregard the case because its conclusion was based on non-PLRA law. However, the Court's reading of the analysis is somewhat different. While the court in *Jarboe* analogized the vicarious exhaustion rule to the "single-filing" rule applied in employment discrimination claims, it eventually turned to the prison context in its discussion before concluding that the case at bar was "an appropriate candidate for vicarious exhaustion." The court specifically noted that requiring individual exhaustion by the inmates "would only result in the overburdening of the administrative process with unnecessarily duplicative claims . . . ." *Id.,* 2013 WL 1010357, at *15.

Not only does relevant case law support the use of the vicarious exhaustion rule in this case, but common sense also militates its use. Refusing to extend the rule in cases where a decision on certification is pending means that the legal outcome of the exhaustion issue would ride solely on *when* a motion to dismiss based on exhaustion is filed: if a defendant files the motion prior to the court's ruling on class certification, unexhausted plaintiffs are dismissed, but if the motion is filed after a class is certified, the very same plaintiffs remain safe even though they had not satisfied the PRLA's exhaustion requirements.

The Court sees two options in this case. The first is to issue a ruling that is conditional on the Court's subsequent certification of the class. The vicarious exhaustion rule would apply to all plaintiffs if the class if certified, but would not apply to non-exhausted Plaintiffs if class certification is denied. Under this option, only Plaintiffs who are class members from certified classes would benefit from the vicarious exhaustion rule—which is consistent with the case law presented by both parties. The second option is for the Court to defer ruling on this motion until

after it decides the class certification issue. Having come this far, the Court finds that the first option is the most expeditious

      B.     <u>Application of the "Vicarious Exhaustion Rule"</u>

As mentioned previously, the Court need not determine whether Plaintiffs Armendariz, Coleman, Gomez, Lovato, Manzanares, Trujillo and Vigil individually exhausted under the PLRA because these plaintiffs would benefit if another plaintiff satisfied exhaustion requirements for their §1983 claims.

To determine whether this occurred, the Court turns to the plaintiffs who were not subjects of Defendant's motion, but who did exhaust their claims:

- Christopher Mavis, Matthew Lucero and James Wheeler: not incarcerated at time original federal complaint was filed; and

- Philip Talachy: incarcerated at time original federal complaint was filed and submitted formal grievances from March 2014 through August 2014 complaining of matters relating to the shower renovation project.

Plaintiffs Mavis, Lucero and Wheeler were not required to administratively exhaust their claims because they were not incarcerated when the federal complaint was filed in March 2017. Plaintiff Talachy was incarcerated at the time and the record shows that he did administratively exhaust the federal claims. Exhibit 20 contains several pages documenting Talachy's complaints and grievances. Some of these pages refer only to medical complaints of headaches, shortness of breath and a bloody nose, but there is sufficient mention of the shower renovation project to satisfy PRLA's standards. *See, e.g.,* Doc. 207-4 at 15 & 20. Talachy is not a subject of Defendants' motion but Defendants do not dispute that he administratively exhausted the federal claims in this case. Thus, under the vicarious exhaustion rule, Talachy's exhaustion benefits other plaintiffs in this case who did not.

Three other plaintiffs, class members but not named plaintiffs, were incarcerated when the

10

federal complaint was first filed in March of 2017:

- Marvin Carrillo: submitted a formal grievance in March 2014 complaining of the shower renovation project (Exs. 25 & 26);

- Anthony Hamilton who also submitted an informal complaint and formal grievance in April 2014 complaining of the shower renovation project (Ex. 26 & 27); and

- George Maez who submitted an informal complaint in May 2014 complaining of the shower renovation (Ex. 26 & 28).

Defendants do not dispute that these Plaintiffs have exhausted their federal claims and under the vicarious exhaustion rule, exhaustion by Carrillo, Hamilton and Maez would satisfy the PRLA's requirements for non-exhausted plaintiffs who are the subject of this motion.

## CONCLUSION

In sum, this Court finds and concludes the following:

(1) The Court shall apply the vicarious exhaustion rule in this case, but application of the rule is **conditional on this Court granting class certification in this case**;

(2) Should the Court grant class certification, **Plaintiffs Armendariz, Coleman, Gomez, Lovato, Manzanares, Trujillo and Vigil** shall be deemed to have administratively exhausted their §1983 claims under the PLRA under the vicarious exhaustion rule, based on exhaustion completed by Plaintiffs Talachy, Carrillo, Hamilton and Maez;

(3) The Court makes no findings on whether Plaintiffs Armendariz, Coleman, Gomez, Lovato, Manzanares, Trujillo and Vigil have **individually** satisfied the PLRA's exhaustion requirements.

**THEREFORE,**

**IT IS ORDERED** that the County Defendants' Motion for Partial Summary Judgment (**Doc. 125**) is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE